UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Portia Roberts, | : Civil Action No.: 2:16-cv-00275-WCO |
| Plaintiff, | |
| v. | |
| Diversified Adjustment Service, Inc., | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, Plaintiff, Portia Roberts, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.  Plaintiff, Portia Roberts ("Plaintiff"), is an adult individual residing in Gainesville, Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, Diversified Adjustment Service, Inc. ("Diversified"), is a Minnesota business entity with an address of 600 Coon Rapids Boulevard, Coon Rapids, Minnesota 55434, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. In or around March 2016, Diversified began calling Plaintiff's cellular telephone, number 470-xxx-1645.

6. When Plaintiff answered calls from Diversified, she heard silence and an automated click before the call was transferred to a live representative.

7. The foregoing is indicative of a predictive dialer, an automatic telephone dialing system ("ATDS") under the TCPA.

8. Plaintiff does not know how Diversified acquired her cellular telephone number. Plaintiff did not provide it to Diversified.

9. In addition, in May 2016 Plaintiff spoke with Diversified and demanded that the calls to her cease.

10. Nevertheless, Diversified continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone system(s) have all the earmarks of a predictive dialer.

15. When Plaintiff answered calls from Defendant, she heard silence before Defendant's telephone system would connect him to the next available representative.

16. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. The telephone number called by Defendant was and is assigned to a cellular telephone serviced by T-Mobile for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

19. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 9, 2016

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Portia Roberts
LEMBERG LAW, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250 ext. 5500
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com